UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| N. N., et al., <br>             Plaintiffs, <br>     v. <br> MOUNTAIN VIEW-LOS ALTOS UNION HIGH SCHOOL DISTRICT, <br>             Defendant. | Case No. 20-cv-08010-VKD <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD** <br><br> Re: Dkt. No. 32 |

## I. BACKGROUND

Plaintiffs N.N. and her mother T.T. filed this action against defendant Mountain View-Los Altos Union High School District ("District"), seeking judicial review of an administrative decision under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq*. Plaintiffs also assert claims for violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 749, *et seq*., and for violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12132, *et seq*. According to the complaint, N.N. has a history of depression and anxiety. Plaintiffs claim that the District denied N.N. a free appropriate public education ("FAPE") for the school years 2017-2018, 2018-2019 and 2019-2020 and denied her equal access to educational services by failing to provide reasonable accommodations for N.N.'s disabilities and by failing to identify her as a student eligible for special education services. Dkt. No. 1. In their IDEA appeal, plaintiffs contend that the administrative law judge ("ALJ") erred in several respects in rendering a decision in favor of the District. Among other things, plaintiffs claim that he improperly precluded testimony on certain subjects by clinical psychologist Dr. Paula Solomon *Id*. ¶ 22.

Plaintiffs now move to supplement the administrative record with additional testimony of Dr. Solomon to rebut the opinions and hearing testimony of Michelle Nutter, the school psychologist who assessed N.N. and concluded that she did not meet the eligibility criteria for special education services under the IDEA. Plaintiffs first disclosed Dr. Solomon as a potential rebuttal expert in the middle of the administrative hearing after Dr. Nutter had already testified. Plaintiffs acknowledge that they did not disclose Dr. Solomon at least five days before the hearing, as required by the rules governing those proceedings, but they claim that the belated disclosure was precipitated by unforeseen circumstances—namely, that their previously disclosed expert, Dr. Nicole Medina, advised shortly before the hearing that due to personal issues she was unavailable to testify.[1] Additionally, plaintiffs claim that they could not have anticipated certain aspects of Dr. Nutter's testimony. Although the ALJ permitted Dr. Solomon to testify as to some matters, plaintiffs contend that he improperly limited the scope of her testimony and precluded her from fully rebutting Dr. Nutter's testimony. The District opposes plaintiffs' motion to now supplement the administrative record, arguing that Dr. Solomon's proposed testimony is not appropriate supplemental evidence.

At the Court's direction, following the motion hearing plaintiffs served a declaration from Dr. Solomon stating her proposed supplemental testimony, and the parties filed a joint statement of their respective positions regarding that testimony. *See* Dkt. Nos. 43, 47. Upon consideration of the moving and responding papers, the parties' supplemental submissions, as well as the oral arguments presented, the Court grants in part and denies in part plaintiffs' motion to supplement the record with additional testimony from Dr. Solomon.[2]

## II. LEGAL STANDARD

In an action challenging an administrative decision under the IDEA, the Court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the

---

[1] Although the administrative hearing was conducted online, plaintiffs state that because Dr. Medina is located outside California, they could not compel her appearance through a subpoena.

[2] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 10, 17.

2

request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). "Thus, judicial review in IDEA cases differs substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record and are held to a highly deferential standard of review." *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993) (internal citations omitted).[3]

The Ninth Circuit construes "additional" evidence to mean "supplemental" evidence. *Id*. at 1472-73. A court may in its discretion allow additional evidence for various reasons, including "'gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing.'" *Id.* at 1473 (quoting *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984)). "'The starting point for determining what additional evidence should be received . . . is the record of the administrative proceeding.'" *Id*. (quoting *Town of Burlington*, 736 F.2d at 790). "In summary, under [Ninth Circuit] precedent, evidence that is non-cumulative, relevant, and otherwise admissible constitutes 'additional evidence' that the district court 'shall' consider pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii)." *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings*, 652 F.3d 999, 1004-05 (9th Cir. 2011).

An administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial. *Ojai*, 4 F.3d at 1473. In determining what constitutes additional evidence, a court should not permit witnesses to "repeat or embellish their prior administrative hearing testimony," which "would be entirely inconsistent with the usual meaning of 'additional.'" *Id*. (quoting *Town of Burlington*, 736 F.2d at 790). Further, courts "'should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at

---

[3] In its opposition brief, the District argued for a highly deferential standard of review and did not squarely address the legal standard applicable to cases under the IDEA. It instead based a considerable portion of its argument on cases involving review of administrative decisions outside the education context (*see* Dkt. No. 26 at 5, 7-8), which are irrelevant and unpersuasive.

3

the administrative hearing, and the conservation of judicial resources.'" *Id.* (quoting *Town of Burlington*, 736 F.2d at 791). Moreover, courts "'must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo.'" *Id.* (quoting *Town of Burlington*, 736 F.2d at 791).

## III. DISCUSSION

During the administrative hearing, plaintiffs sought to have Dr. Solomon testify about the following subjects:

> 1. Dr. Nutter's administration of the Behavior Assessment System for Children ("BASC") and appropriateness of asking follow-up questions mid-testing;
>
> 2. The appropriateness/usefulness of ratings scales versus projective testing for assessing mental health;
>
> 3. The validity of the District's social-emotional testing;
>
> 4. How to interpret the District's testing in the context of the historical information regarding N.N.'s needs;
>
> 5. The role of teacher input on assessment of N.N.'s social emotional needs and impact on school performance;
>
> 6. The appropriateness of completing testing and not reporting on it.

Dkt. No. 32 at 4; AR[4] 2080, 2089-2091. With leave from the ALJ, and pursuant to the parties' stipulation, Dr. Solomon testified regarding the first subject, Dr. Nutter's administration of the BASC and the appropriateness of asking follow-up questions mid-testing. The ALJ also permitted her to offer some testimony regarding the administration of the Children's Depression Inventory and Dr. Nutter's scoring of N.N.'s responses. AR 2320-2336. However, citing California Code of Civil Procedure § 2034.310,[5] which he acknowledged was not controlling, but found "to be

---

[4] "AR" refers to the administrative record submitted by plaintiffs. *See* Dkt. No. 31.

[5] California Code of Civil Procedure § 2034.310 provides:

> A party may call as a witness at trial an expert not previously designated by that party if either of the following conditions is satisfied:
>
> (a) That expert has been designated by another party and has thereafter been deposed under Article 3 (commencing with Section

4

strongly advisory" (AR 2082), the ALJ determined that Dr. Solomon could not permissibly offer her opinions to rebut Dr. Nutter's testimony, but could only offer testimony regarding underlying factual matters, such as stating the applicable testing protocols or standard practices. *See* AR 2088, 2091. As a matter of fairness, the ALJ also expressed concerns about plaintiffs' belated disclosure of Dr. Solomon, particularly when he found that Dr. Nutter's hearing testimony closely tracked her written report, which plaintiffs had had for years prior to the hearing. AR 2087-2088.

Plaintiffs now present Dr. Solomon's declaration identifying the additional testimony pertaining to the six subjects (above) that they seek to add to the record before this Court on their IDEA appeal. Dkt. No. 47-1.[6] At oral argument on the present motion, plaintiffs stated that they had intended for Dr. Medina to give testimony on these subjects. Additionally, as noted above, plaintiffs say that there were certain aspects of Dr. Nutter's testimony that they could not have anticipated based on her written report.

There appears to be no dispute that the proffered additional testimony is relevant and non-cumulative. *E.M.*, 652 F.3d at 1004-05. The District's primary objection is that Dr. Solomon's proposed additional testimony is not "otherwise admissible." *Id*. Here, the District asserts an overall objection that Dr. Solomon's proposed testimony lacks foundation because she is a clinical psychologist (not a school psychologist) who did not examine N.N. or speak with anyone involved in N.N.'s personal life or education. Dkt. No. 47 at 7. Such matters, however, go to the weight (not admissibility) of Dr. Solomon's testimony, and the District has not demonstrated that Dr. Solomon is otherwise unqualified to testify under Federal Rule of Evidence 702 or *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

---

2034.410).

(b) That expert is called as a witness to impeach the testimony of an expert witness offered by any other party at the trial. This impeachment may include testimony to the falsity or nonexistence of any fact used as the foundation for any opinion by any other party's expert witness, but may not include testimony that contradicts the opinion.

[6] In assessing Dr. Solomon's declaration, the Court notes that paragraphs 1-7 of the declaration concern general background matters as to which the District confirms it has no objection and as to which Dr. Solomon has already testified. *See* Dkt. No. 47 at 2, 7.

As for the particular matters identified in Dr. Solomon's declaration, the District objects that the proposed testimony constitutes impermissible "opinion testimony" under California Code of Civil Procedure § 2034.310. Additionally, notwithstanding Dr. Medina's unavailability to testify at the administrative hearing, the District argues that plaintiffs had ample advance notice of Dr. Nutter's opinions and the bases for them and therefore should have been prepared to address all such opinions at the hearing. While the ALJ looked to California's procedural rules for guidance, the District cites no authority that those rules are binding on either the administrative proceedings or the proceedings now pending before this Court. *See generally E.M.*, 652 F.3d at 1005 ("Under IDEA, 'the federal court has a continuing obligation to ensure that the state standards themselves and as applied are not below the federal minimums. . . . [which] persists despite any state administrative rulings on federal law or state recodifications of federal law.'") (quoting *Town of Burlington*, 736 F.2d at 792)).

At the same time, the Court is mindful of considerations of fairness to the District. Unlike *Ojai*, *E.M.,* and other cases cited by the parties, the present case is not a situation where plaintiffs seek to introduce additional evidence of post-hearing events or after-acquired evidence. The record indicates that there may have been an element of surprise with respect to some aspects of Dr. Nutter's hearing testimony concerning, for example, her administration of the "Incomplete Sentences" test which apparently was listed, but not discussed or described, in her written report. *See* AR 1577. But plaintiffs undoubtedly had sufficient notice of certain other matters about which they now seek to present additional testimony from Dr. Solomon, such as the validity of the District's social-emotional testing. Additionally, the Court remains concerned that plaintiffs, who apparently knew of Dr. Medina's unavailability about a week before the administrative hearing, have not provided a satisfactory explanation why they waited until several days into the hearing and after Dr. Nutter testified, to say anything about Dr. Medina's unavailability and their desire to present a new rebuttal expert.

Ultimately, however, "[t]he IDEA's primary purpose is 'to assure that all children with disabilities have available to them . . . a free appropriate public education which emphasizes special education and related services designed to meet their unique needs [.]'" *Ojai*, 4 F.3d at

6

1469 (quoting 20 U.S.C § 1400(c)). Moreover, issues as to whether a particular witness "did, or could have, testified before the administrative hearing" are not dispositive. *Town of Burlington*, 736 F.2d at 790. Rather, the proper inquiry is whether the proposed "additional evidence" is "non-cumulative, relevant, and otherwise admissible." *E.M.*, 652 F.3d at 1004-05. Bearing these principles in mind, the Court rules as follows:

Dr. Solomon will *not* be permitted to present additional testimony regarding the fact that (1) Dr. Nutter did not report the MASC-2 (Multidimensional Anxiety Scale for Children) or the "Incomplete Sentences" test in her written report, (2) Dr. Nutter did not speak with any of N.N.'s teachers, or (3) the lack of BASC teacher-reported rating scales. *See* Dkt. No. 47-1 ¶¶ 8, 13, 14, 16, 17.[7] Dr. Nutter testified that she did not administer the MASC-2, and Dr. Solomon's proposed additional testimony on all of these matters simply embellish or repeat what is already clear or undisputed in the record; these are not matters as to which additional expert opinion would be helpful. *See Ojai*, 4 F.3d at 1473; Fed. R. Evid. 702(a). Dr. Solomon is otherwise permitted to present additional testimony regarding other matters identified in her declaration. As Dr. Solomon's declaration is rather sparse, and largely provides her conclusions without explaining the bases or reasons for them, the Court will reserve judgment on the District's objections that any specific testimony Dr. Solomon seeks to offer is speculative or lacks foundation. To mitigate any unfairness to the District, the Court will also permit the District to present additional testimony from Dr. Nutter, if it wishes, to respond to Dr. Solomon's additional testimony.

As discussed at oral argument, the Court will set an evidentiary hearing for the presentation of additional testimony from Drs. Solomon and Nutter. The evidentiary hearing is set for **July 16, 2021, 10:00 a.m.** Unless otherwise ordered, the Court anticipates that the hearing will be conducted **in-person** in Courtroom 2, Fifth Floor, United States District Court, 280 South First Street, San Jose, California. The Court anticipates that the scheduling of the evidentiary hearing may necessitate an extension of the current briefing deadlines for plaintiffs' IDEA appeal. By **July 12, 2021**, the parties shall confer and submit a stipulated request regarding new IDEA

---

[7] Dr. Solomon may, however, testify whether the failure to present results of administered tests complies with established protocols or practices. *See* Dkt. No. 47-1 ¶ 13.

7

appeal briefing deadlines, or failing agreement, each side's respective proposed new dates.

**IV. CONCLUSION**

Based on the foregoing, plaintiffs' motion to supplement the record with testimony from Dr. Solomon is granted in part and denied in part. Drs. Solomon and Nutter will be permitted to provide additional testimony consistent with this order.

**IT IS SO ORDERED.**

Dated: July 6, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge