UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| N. N., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MOUNTAIN VIEW-LOS ALTOS UNION HIGH SCHOOL DISTRICT,<br><br>　　　　　Defendant. | Case No. 20-cv-08010-VKD<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 77 |

## I. BACKGROUND

Plaintiffs N.N. and her mother T.T. filed this action against the Mountain View-Los Altos Union High School District ("District"), claiming that the District violated the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §§ 749, *et seq.*, and Title II of the Americans with Disabilities Act ("Title II"), 42 U.S.C. §§ 12132, *et seq.*[1]

Plaintiffs now move for summary judgment on their Section 504 and Title II claims. They contend that the District discriminated against N.N. during the 2017-2018 school year[2] by failing to evaluate her and failing to offer her "reasonable accommodations, aides, supports, and services

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 10, 17.

[2] The scope of plaintiffs' Section 504 and Title II claims appear to be somewhat broader in their complaint (*see, e.g.,*, Dkt. No. 1 ¶¶ 143-145) than as characterized in their present motion for partial summary judgment. At the motion hearing, plaintiffs clarified that their Section 504 and Title II claims are limited to discrimination that they claim occurred during the 2017-2018 school year, and that their claimed damages are based on expenses incurred during the subsequent 2018-2019 and 2019-2020 school years.

to ensure she had meaningful and equal access to the public education program" at Los Altos High School ("LAHS").  Dkt. No. 77 at 1.  The District opposes the motion.  Upon consideration of the moving and responding papers, as well as the arguments presented at the April 25, 2023 hearing, the Court denies plaintiffs' motion for summary judgment.

The parties are familiar with the background of this case, which is recounted in detail in the Court's August 4, 2022 order (Dkt. No. 69) and will not be repeated here, except as necessary in the discussion below.

## II.  LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).  The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc*., 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses.  *See id*. at 1102.  The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial.  *See id*.  A genuine issue of fact is one that could reasonably be resolved in favor of either party.  A dispute is "material" only if it could affect the outcome of the suit under the governing law.  *Anderson*, 477 U.S. at 248-49.

"When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp*., 477 U.S. at

1  325). Once the moving party meets this burden, the nonmoving party may not rest upon mere
2  allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine
3  issue for trial. *Id*.

### III. DISCUSSION

Because the elements of plaintiffs' Section 504 and ADA claims do not differ in any significant respect that impacts the resolution of the present motion, the Court addresses these claims together. *See Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045 n.11 (9th Cir.1999).

"A plaintiff bringing suit under [S]ection 504 or Title II of the ADA must show: (1) she is a qualified individual with a disability; (2) she was denied 'a reasonable accommodation that [she] needs in order to enjoy meaningful access to the benefits of public services;' and (3) the program providing the benefit receives federal financial assistance." *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016) (quoting *Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010)). "A plaintiff may satisfy prong two by showing that the federally funded program denied her services that she needed to enjoy meaningful access to the benefits of a public education and that were available as reasonable accommodations." *Id*. (citing *Hamamoto*, 620 F.3d at 1097-98). "A plaintiff can also satisfy prong two by showing that the program denied her meaningful access to public education through another means, such as by violating a regulation that implements [S]ection 504's prohibitions." *Id*. (citing *Mark H. v. Lemahieu*, 513 F.3d 922, 938-39 (9th Cir. 2008)).

Additionally, "[t]o recover monetary damages under Title II of the ADA or [Section 504], a plaintiff must prove intentional discrimination on the part of the defendant." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001) (footnote omitted). The deliberate indifference standard applies, and that standard "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the [sic] likelihood." *Id*. at 1138, 1139. "The plaintiff establishes the requisite knowledge (or notice) on behalf of the defendant when she shows that she 'alerted the public entity to [her] need for accommodation (or where the need for accommodation is obvious, or required by statute or regulation).'" *A.G.*, 815 F.3d at 1204

1  (quoting *Duvall*, 260 F.3d at 1139).  Thus, a public entity can be held liable for damages "'if it
2  intentionally or with deliberate indifference fails to provide meaningful access or reasonable
3  accommodation to disabled persons.'"  *Id*. (quoting *Lemahieu*, 513 F.3d at 938).

4  In essence, plaintiffs contend that the District discriminated against N.N. by dismissing her
5  mental health issues as substance/alcohol abuse and family conflict problems.  They claim that the
6  District denied N.N. a FAPE by failing to evaluate her to determine her proper placement and by
7  failing to provide "mental health and/or academic support services" they claim N.N. needed in
8  order to access her public education at LAHS.  *See* Dkt. No. 77 at 14-19.  According to plaintiffs,
9  the District's failings amounted to the denial of a FAPE, in violation of 34 C.F.R. § 104.33 and
10  § 104.35, as well as the District's own policies.

11  The Court concludes that there are triable issues of material fact underlying plaintiffs'
12  Section 504 and Title II claims.  There is no dispute that N.N. was diagnosed with anxiety and that
13  the District had notice of that diagnosis by the fall of 2017.  *See* Dkt. No. 77 at 4:7-14; Dkt. No. 79
14  at 6:19-20; *see also* AR 281.  But while many of the underlying facts are undisputed, others are
15  not and different factual inferences could be drawn from the evidence regarding, for example,
16  what the District's appropriate course of action was, what the District should have done and when,
17  what N.N. may have needed to access her education, and whether the District acted with deliberate
18  indifference (and if so, the amount of any damages).  In addition, plaintiffs and the District
19  disagree about matters that may require expert testimony, including what accommodations or
20  placements would permit N.N. to meaningfully access her education.

21  In sum, the resolution of plaintiffs' Section 504 and Title II claims require a highly fact-
22  specific, individualized analysis of N.N.'s circumstances, which cannot be resolved on summary
23  judgment and are matters for a jury to decide.  Accordingly, plaintiffs' motion for summary
24  judgment is denied.

### IV. CONCLUSION

Based on the foregoing, the Court denies plaintiffs' motion for partial summary judgment

4

with respect to their Section 504 and Title II claims.

**IT IS SO ORDERED.**

Dated: April 26, 2023



VIRGINIA K. DEMARCHI
United States Magistrate Judge

5